No. 81–383. MCCORMICK *v.* EDWARDS, GOVERNOR OF LOUISIANA, ET AL. C. A. 5th Cir. Certiorari denied. JUSTICE BRENNAN and JUSTICE WHITE would grant certiorari.

No. 81–5104. BARRY *v.* NEW JERSEY. Sup. Ct. N. J. Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BRENNAN and JUSTICE MARSHALL join, dissenting.

The question presented in this case is whether petitioner's confession, obtained by police after he had been arrested without probable cause, held in custody for some 18 hours, and confronted with the confessions of three other participants in the crime, should have been excluded at petitioner's trial as an inadmissible fruit of an unconstitutional arrest.

On January 12, 1976, the First Federal Savings and Loan Association of Montclair, N. J., was robbed. Investigation revealed information sufficient for the issuance of an arrest warrant for Archie Murphy. On the evening of January 15,

1976, police went to an East Orange, N. J., apartment building to execute the arrest warrant for Murphy. Upon arrival, one officer saw petitioner Edward Barry standing outside the building. Recognizing him from his investigation of another robbery one year earlier, the officer arrested petitioner and gave him *Miranda* warnings. Murphy was arrested inside the building.

Petitioner and Murphy were first taken to the East Orange police station, then to Montclair Police Headquarters. Petitioner was transferred to the Glen Ridge jail for overnight lodging. In the early morning hours of January 16, Murphy made a statement incriminating himself and identifying petitioner as the driver of the getaway car. At midday on January 16, after petitioner had been in custody for approximately 18 hours, he was taken from Glen Ridge jail to Montclair for questioning. He was again given *Miranda* warnings and was told that his brother, Murphy, and another suspect had all confessed to the robbery and that he had been implicated. He was also shown the weapons used in the robbery. Confronted with these matters, petitioner gave a written statement revealing his participation in the robbery.

Petitioner was convicted. His confession was the principal evidence against him. The Appellate Division reversed, holding that petitioner's confession should have been excluded from evidence as the product of an illegal arrest. 171 N. J. Super. 543, 547–548, 410 A. 2d 259, 262 (1979). The Supreme Court of New Jersey reinstated the judgment of conviction. It agreed with the lower court that the arrest was illegal because "the police at that time were without probable cause to arrest," 86 N. J. 80, 88, 429 A. 2d 581, 585 (1981), but went on to determine whether the confession resulted from exploiting the illegal arrest or instead was the product of petitioner's free will, the taint of the illegal arrest having been removed. The court held that the intervening circumstances, including Murphy's confession and the recov-

ery of the guns used in the robbery, severed any causal link between the illegal arrest and the subsequent confession and therefore the confession was properly admitted. Other courts have arrived at very similar results,[1] but I have serious doubt that these cases can be squared with our own recent decisions.

In order for a statement given to police after an illegal arrest to be admissible at trial, the statement must not only be voluntary by Fifth Amendment standards, but it must also not be the result of exploiting the illegal arrest; rather, it must be "an act of free will [sufficient] to purge the primary taint." *Wong Sun* v. *United States*, 371 U. S. 471, 486 (1963); *Brown* v. *Illinois*, 422 U. S. 590, 602 (1975). *Brown* held that *Miranda* warnings, by themselves, cannot always make a confession "sufficiently a product of free will to break, for Fourth Amendment purposes, the causal connection between the illegality and the confession." 422 U. S., at 603. By focusing on the causal connection between an illegal arrest and a subsequent confession, *Brown* sought to implement the policies behind the use of the exclusionary rule to effectuate the Fourth Amendment. *Dunaway* v. *New York*, 442 U. S. 200, 218–219 (1979). It identified three factors for determining whether it is necessary to exclude a confession obtained following an illegal arrest: "The temporal proximity of the arrest and the confession, the presence of intervening circumstances, . . . and, particularly, the purpose and flagrancy of the official misconduct are all relevant." *Brown* v. *Illinois, supra,* at 603–604 (footnotes omitted).

---

[1] See, *e. g., In re R. S.*, 93 Ill. App. 3d 941, 418 N. E. 2d 195 (1981); *People* v. *Finch*, 86 Ill. App. 3d 493, 408 N. E. 2d 87 (1980); *People* v. *Emanuel*, 98 Mich. App. 163, 295 N. W. 2d 875 (1980); *People* v. *Gabbard*, 78 Ill. 2d 88, 398 N. E. 2d 574 (1979); *State* v. *Lewis*, 19 Wash. App. 35, 573 P. 2d 1347 (1978); *Commonwealth* v. *Bogan*, 482 Pa. 151, 393 A. 2d 424 (1978); but cf. *United States* v. *Butler*, 495 F. Supp. 679 (ED Ark. 1980).

*Brown* obviously raises serious questions about the admissibility of petitioner's confession. That petitioner confessed after being held for 18 hours while the defendant in *Brown* confessed after only 2 hours is not dispositive. As JUSTICE STEVENS has observed: "The temporal relationship between the arrest and the confession may be an ambiguous factor. If there are no relevant intervening circumstances, a prolonged detention may well be a more serious exploitation of an illegal arrest than a short one." *Dunaway* v. *New York, supra*, at 220 (concurring opinion). See also *Hale* v. *Henderson*, 485 F. 2d 266, 267–269 (CA6 1973), (ordering suppression of statement made 42 hours after illegal arrest), cert. denied, 415 U. S. 930 (1974), cited in *Brown* v. *Illinois, supra*, at 603, n. 8; 3 W. LaFave, Search and Seizure: A Treatise on the Fourth Amendment 633–634 (1978).

The court below held that the causal chain between the illegal arrest and the confession was broken by disclosing Murphy's confession to petitioner and showing him the weapons used in the robbery. But in *Brown*, as here, the police gave the defendant *Miranda* warnings, confronted him with the evidence they had against him, and this Court held the ensuing confession was inadmissible. 422 U. S., at 594. The events between the illegal arrest and the confession were characterized in unequivocal terms: "Brown's first statement was separated from his illegal arrest by less than two hours, *and there was no intervening event of significance whatsoever.*" *Id.*, at 604 (emphasis added). We have thus rejected the notion that the causal chain between an illegal arrest and a subsequent confession is broken by merely confronting the accused with evidence of his guilt in an effort to elicit an incriminating response. Rather, "some demonstrably effective break in the chain of events leading from the illegal arrest to the statement" is required. *Id.*, at 611 (POWELL, J., concurring in part). See *Johnson* v. *Louisiana*, 406 U. S. 356, 365 (1972) (appearance before neutral magistrate and

representation by counsel at lineup purged lineup of taint from illegal arrest), cited in *Brown* v. *Illinois, supra,* at 604. See also *Wong Sun* v. *United States, supra,* at 491 (actual release from detention prior to confession breaks chain).

In terms of the purposes of the exclusionary rule, allowing a confrontation such as occurred in this case to qualify as an intervening circumstance would permit the police to seize and detain any person without probable cause, secure in the knowledge that a confession later obtained by confronting the accused with evidence against him would be admissible. I had thought that this is what the Court sought to prevent in *Brown* and *Dunaway,* since "[h]ostility to seizures based on mere suspicion was a prime motivation for the adoption of the Fourth Amendment." *Dunaway* v. *New York, supra,* at 213.

The third *Brown* factor to be considered is the purpose and flagrancy of the police conduct. Although the police conduct here was not designed to cause fright and confusion as it was in *Brown,* 422 U. S., at 605, the police admittedly lacked probable cause to arrest petitioner, and the purpose of the arrest was to detain "in the hope that something might turn up." *Ibid.* This purpose is itself sufficient to exclude a confession, absent a sufficient intervening event. *Dunaway* v. *New York, supra,* at 218.[2]

Perhaps the decision below should stand, but the tension between it and our own cases such as *Brown* is apparent, and it should either be reversed or our own decisions reconsidered and modified. I would grant the petition for certiorari.

---

[2] As one commentator has suggested: "[I]n light of the inherent difficulties in establishing that police acted with an improper motive, it does not follow from this that an otherwise inadmissible confession deserves to be admitted into evidence simply because there has been no showing of a flagrant and purposeful Fourth Amendment violation. This is *a* factor, not the controlling factor . . . and thus must be considered with . . . 'the presence of intervening circumstances.'" 3 W. LaFave, Search and Seizure: A Treatise on the Fourth Amendment 635–636 (1978) (footnotes omitted).